Case 2:09-cv-03330-SJO-VBK Document 26 Filed 08/25/09 Page 1 of 13 Page ID #:239

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUNGE 22, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FURNITURE RENTALS, INC., a Pennsylvania corporation; NEIL SCHOLNICK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 09-3330-SJO(VBKx)<br>**PROTECTIVE ORDER**<br>District Judge: Hon. S. James Otero<br>Magistrate Judge: Hon. Victor B. Kenton<br><br>**NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT** |
| AND RELATED COUNTERCLAIM | |

OHS West:260715152.1     CV 09-3330-SJO(RBKx)<br>[PROPOSED] PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information being sought through discovery in this action are, for competitive, privacy, personal, or other reasons, normally kept confidential by the parties. The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret, confidential research, technical, cost, price, marketing, customer or other sensitive commercial or personal information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). In order to protect the confidentiality of such materials as much as practical during the litigation, and pursuant to the parties' joint stipulation for entry of a protective order, the Court hereby enters the following order pursuant to Rule 26(c)(1)(G):

**I. DOCUMENTS AND INFORMATION RELATING TO PLAINTIFF'S AND DEFENDANTS' BUSINESS ACTIVITIES:**

A. For purposes of this Order, "Litigation" means the civil action captioned as <u>Lounge 22, LLC v. American Furniture Rentals, Inc. and Neil Scholnick</u>, Case Number CV09-3330, instituted in the United States District Court for the Central District of California.

B. For purposes of this Order, "Discovery Material" means all documents, deposition testimony and transcripts, deposition exhibits, hearing transcripts, responses to any discovery requests, including responses to interrogatories, document requests, and requests for admission, inspections, examinations of premises, facilities and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or among the parties and non-parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

C. The designation of Discovery Material as "Confidential" shall be made in good faith, based on a reasonable belief that the Discovery Material so designated contains trade secrets or other confidential research, development, proprietary,

financial, or commercial information that is treated by the proprietor thereof as such information and is permitted to be designated as confidential in accordance with Fed.R.Civ.P. 26(c) and that the designating party in good faith believes contains sensitive commercial information that should not be disclosed except as provided in Paragraph (I) below.

D. The designation of Discovery Material as "Attorneys' Eyes Only" shall be made in good faith, based on a reasonable belief that the Discovery Material so designated contains trade secrets or other confidential research, development, proprietary, financial, or commercial information that is treated by the proprietor thereof as such information and is permitted to be designated as confidential in accordance with Fed.R.Civ.P. 26(c) and that the designating party in good faith believes contains sensitive commercial information that should not be disclosed to a competitor and access to it should be limited only to those persons identified in Paragraph (J) below.

E. The designation of Discovery Material as "Highly Confidential" shall be made in good faith, based on a reasonable belief that the Discovery Material so designated contains trade secrets or other confidential research, development, proprietary, financial, or commercial information that is treated by the proprietor thereof as such information and is permitted to be designated as confidential in accordance with Fed.R.Civ.P. 26(c) and that the designating party in good faith believes contains sensitive commercial information that should not be disclosed to a competitor and access to it should be limited only to those persons identified in Paragraph (K) below.

F. Other than as permitted by this Stipulated Protective Order in Paragraphs (I)-(K), no person may review, examine, or make copies of Discovery Material that has been designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only," or be given access to such material, without the written consent of the opposing party, and no one properly in possession of such material

may reveal the contents of the same or exhibit any document or any portion of any document to anyone other than those permitted by this Stipulated Protective Order. To obtain written consent for the disclosure of anything designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" to any person not specified in Paragraphs (I)-(K), such party must first present a written request to opposing counsel seeking the release of the document, material, or information from the terms of this Stipulated Protective Order and thereafter, the party receiving such request shall have ten (10) days from receipt thereof to respond to said request. If the parties do not reach an agreement, then the requesting party may move the Court for relief:

    G.    Any Discovery Material claimed to be "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" prior to production must be clearly marked by the producing party as such. In the case of a thing, the legend "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" shall be securely affixed in a prominent location. With regard to marking documents with the appropriate confidentiality classification, each page of the document that contains confidential information shall be so marked in a prominent location. Copies, extracts, summaries, notes, and other derivatives of "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" Discovery Material shall also be deemed "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" and shall be subject to the provisions of this Stipulated Protective Order.

    H.    Depositions (and exhibits thereto) or hearing transcripts or portions thereof may be designated as "Confidential" in accordance with the requirements of Paragraph (C) above, or "Attorneys' Eyes Only" in accordance with the requirements of Paragraph (D) above, or "Highly Confidential" in accordance with the requirement of paragraph (E) above on the record during the deposition or hearing or within ten (10) days after the receipt of the transcript or copy thereof by the party making the designation, provided, however, that any person who is not authorized to receive "Attorneys' Eyes Only" materials who may be present in a

deposition or hearing shall be asked to leave for that portion of the deposition or hearing during which questioning or argument about "Attorneys' Eyes Only" materials occurs. If a designation concerns only portions of any deposition or hearing transcript, those portions of the pages shall be underlined or highlighted, and those pages shall bear the legend referred to in Paragraph (G) as appropriate. Until expiration of the ten (10) day period, the entire deposition or hearing transcript will be treated as "Attorneys' Eyes Only" materials. If no party timely designates material as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" in a deposition or hearing transcript, then none of the transcript (or its exhibits if the exhibits were not previously and separately designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" in accordance with the requirements of this Stipulated Protective Order) will be treated as having any sort of restriction.

    I.    Discovery Material designated "Confidential," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(1) The Court and its officers;

(2) Court reporters engaged in this Litigation;

(3) Counsel of record in this Litigation and personnel of counsels' respective law firms, including paralegals, legal assistants, litigation support services, and outside copy or support services utilized by each firm;

(4) The parties to this action and their employees, but only as necessary to assist with the litigation. The parties and their employees shall use such information solely for purposes of this litigation, and any individual given access to the information shall sign a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any confidential information, documents, or things; and

(5) Witnesses, regardless of whether or not they are current or former employees of the producing party, and their counsel, during the course of, or in preparation for, hearings or depositions in the Litigation, provided that such person(s) may only be shown copies of "Confidential" materials to the extent necessary and may not retain any copies;

(6) Independent consultants or non-party experts retained by a party or counsel to a party to assist counsel in the preparation and trial, or to testify, in this Litigation. Any party so retaining such a consultant or expert shall have such consultant or expert sign a confidentiality agreement in the form in attached hereto as Exhibit "A" prior to receiving or reviewing any "Confidential" information, documents, or things.

J. Discovery Material designated "Attorneys' Eyes Only," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(1) The Court and its officers;

(2) Court reporters engaged in the Litigation;

(3) Counsel of record in this Litigation and personnel of counsels' respective law firms, including paralegals, legal assistants, litigation support services, and outside copy or support services utilized by each firm; and

(4) Independent consultants or non-party experts retained by a party or counsel to a party to assist counsel in the preparation and trial, or to testify, in this Litigation. Any party so retaining such a consultant or expert shall have such consultant or expert sign a confidentiality agreement in the form attached hereto as Exhibit

               "A" prior to receiving or reviewing any "Attorneys' Eyes Only" information, documents, or things.

    K.    Discovery Material designated "Highly Confidential," copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

        (1)    The Court and its officers;

        (2)    Court reporters engaged in the Litigation;

        (3)    Counsel of record in this Litigation and personnel of counsels' respective law firms, including paralegals, legal assistants, litigation support services, and outside copy or support services utilized by each firm;

        (4)    Independent consultants or non-party experts retained by a party or counsel to a party to assist counsel in the preparation and trial, or to testify, in this Litigation. Any party so retaining such a consultant or expert shall have such consultant or expert sign a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving or reviewing any "Attorneys' Eyes Only" information, documents, or things; and

        (5)    a single employee or officer of plaintiff Lounge 22 LLC and a single employee or officer of defendant American Furniture Rentals, Inc., only insofar as that employee's assistance is deemed necessary to assist with this litigation. Any such employee of officer shall sign the confidentiality agreement attached hereto as Exhibit A.

    L.    So long as this Stipulated Protective Order is in force as to any Discovery Material, or portion thereof, designated "Confidential" or "Attorneys' Eyes Only," no use shall be made of the Discovery Material, any copies thereof, or the contents of such Discovery Material or copies, by persons authorized pursuant to

1  this Stipulated Protective Order, except for the purposes of this Litigation.
2  Notwithstanding anything to the contrary hereinabove, nothing in this Stipulated
3  Protective Order shall restrict a party's ability to use or disclose its own documents
4  or information.
5      M.   The restrictions and obligations regarding Discovery Material
6  designated as "Confidential," "Highly Confidential," and "Attorneys' Eyes Only"
7  shall apply only to documents and information produced in this Litigation under the
8  circumstances set forth in Paragraph (L). In addition, the restrictions and obligations
9  regarding Discovery Material designated as "Confidential," "Highly Confidential,"
10 or "Attorneys' Eyes Only" shall not apply to Discovery Material that is already
11 public knowledge at the time of production or that becomes public knowledge
12 subsequent to production unless it becomes public knowledge because of a violation
13 of this Stipulated Protective Order.
14     N.   Notwithstanding any provision of the Stipulated Protective Order, the
15 parties reserve all rights to object in the Litigation to the admissibility of any
16 Discovery Material, whether or not designated as "Confidential," "Highly
17 Confidential," or "Attorneys' Eyes Only."
18 **II.  CONCLUSION OF LITIGATION:**
19         Within thirty (30) days after the final determination of this Litigation,
20 in those instances where Discovery Material subject to this Stipulated Protective
21 Order has been used in that action (including all appellate procedures), all originals,
22 copies, and derivatives of Discovery Material subject to the provisions of Section I
23 shall be returned to counsel for the party that produced the document or other
24 material. Notwithstanding anything to the contrary hereinabove, this Stipulated
25 Protective Order will not require a party to return any documents or materials that
26 originated from that party.
27 **III. EXCEPTIONS TO PROTECTIVE ORDER:**
28         There are no exceptions except as may be provided by Order of the

1  Court following reasonable notice to all the parties, pursuant to the procedure as
2  outlined above. This Stipulated Protective Order shall be without prejudice to the
3  right of any party to bring to the Court at any time the question of whether any
4  particular document or information is "Confidential," "Highly Confidential," or
5  "Attorneys' Eyes Only" or whether its use should be restricted.
6       Any party objecting to the designation of any particular Discovery
7  Material as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" or
8  believing that any such designation is not made in good faith (collectively referred
9  to as "objections") shall attempt to resolve the matter by setting forth in writing to
10 the other party the objections and reason(s) therefore. The party challenging
11 confidentiality may raise any objections that counsel is unable to resolve within
12 seven (7) days of the receipt of the objection with the Court. If a challenge to a
13 designation is made, the proponent of a "Confidential," "Highly Confidential," or an
14 "Attorneys' Eyes Only" restriction must demonstrate that there is good cause for the
15 materials to have such protection pursuant to Fed.R.Civ.P. 26(c) or other applicable
16 rules or statutes. Pending the determination by the Court, the Discovery Material
17 shall retain its protected status.
18      This Stipulated Protective Order and the obligation to maintain
19 confidentiality shall survive the termination of this action and shall continue in full
20 force and effect.
21
22
23
24
25
26
27
28 //

## IV. FILING OF CONFIDENTIAL INFORMATION UNDER SEAL:

Before any materials produced in discovery, answers to interrogatories, responses to requests for admission, deposition transcripts, or other documents which are designated as "Confidential," "Highly Confidential," or "Attorneys' Eyes Only" are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law, including Local Civil Rule 79-5, with respect to filing documents under seal in this Court.

IT IS SO ORDERED. This order is not applicable to trial proceedings or other proceedings as may be designated by the District Judge.

Dated: __August 25, 2009_____          _____/s/_____
                                          Hon. Victor B. Kenton

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOUNGE 22, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN FURNITURE RENTALS, INC., a Pennsylvania corporation; NEIL SCHOLNICK, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 09-3330-SJO(RBKx)<br><br>**EXHIBIT A**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>District Judge: Hon. S. James Otero<br><br>Magistrate Judge: Hon. Victor B. Kenton |
| AND RELATED COUNTERCLAIM | |

I, _____ declare and state as follows:

    (a)   My present residential address is _____

_____.

    (b)   My present employer is _____

_____.

(c) My present occupation or job description is _____ _____.

(d) I have received and carefully read the Protective Order entered in this action and understand its provisions. Specifically, I understand that I am obligated, under order of Court, to hold in confidence and not to disclose the contents of any Confidential Information, as that term is defined by the Order, to anyone other than the appropriate persons specified in accordance with paragraphs (I)-(K) of the Order. I further understand that I am not to disclose to any person other than those persons so specified in accordance with paragraphs (I)-(K), any words, substantive summaries, abstracts or indices of confidential documents or transcripts disclosed to me. I will never use the information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the order, and I agree to subject myself to the jurisdiction of the United States District Court for the Central District of California with regard to any dispute over my conformance with the provisions of the order.

(e) At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I hereby submit to the jurisdiction of this Court, or any other court to which the case may be transferred, for the purpose of proceedings related to the enforcement of this declaration pursuant to the Protective Order.

(g) I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other

1  remedies that may be imposed by the Court and potentially liable in a civil action
2  for damages by the disclosing party.
3       I declare under penalty of perjury under the laws of the United States
4  that the foregoing is true and correct.

6  Dated: _____   _____
7                                                Name